## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

### CASE NO:

John Laliberte,

     Plaintiff,

     v.

Krystal Companies, LLC, d/b/a
Krystal Klean; and Fleetwash, Inc.

     Defendants.

_____/

### COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, JOHN LALIBERTE ("Plaintiff") pursuant to 29 U.S.C. § 216(b) files the following Complaint for Damages and Demand for Jury Trial against Defendants, KRYSTAL COMPANIES, LLC d/b/a KRYSTAL KLEAN (hereafter "KRYSTAL KLEAN") and FLEETWASH, INC. (hereafter "FLEETWASH") (KRYSTAL KLEAN and FLEETWASH collectively "Defendants") and alleges the following:

### INTRODUCTION

1.     Defendants unlawfully deprived Plaintiff of overtime compensation during the course of his employment.  This action arises under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201–216*, to recover all overtime wages that Defendants refused to pay Plaintiff during the past three (3) years.

### PARTIES

2.     During all times material hereto, Plaintiff was a resident of Duval County, Florida, over the age of 18 years, and otherwise *sui juris.*

3.      During all times material hereto, Defendant, KRYSTAL KLEAN, was a Florida limited liability company transacting business within Jacksonville, Florida, within the jurisdiction of this Honorable Court.

4.      Defendant, KRYSTAL KLEAN, is headquartered at 13679 Atlantic Blvd., Jacksonville, FL 32225.

5.      Defendant, KRYSTAL KLEAN, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

6.      During all times material hereto, Defendant, FLEETWASH, was a foreign for-profit corporation transacting business within Jacksonville, Florida, within the jurisdiction of this Honorable Court.

7.      Defendant, FLEETWASH, is headquartered at 26 Law Dr., Section E, Fairfield, NJ 07004.

8.      Defendant, FLEETWASH, was also Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

9.      During all times material hereto, Defendants, KRYSTAL KLEAN and FLEETWASH, were both vested with control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices as it pertained to Plaintiff.

10.      Defendants, KRYSTAL KLEAN and FLEETWASH were Plaintiff's joint employers, as that term is defined by the FLSA and pertinent regulations.

## JURISDICTION AND VENUE

11.      All acts and/or omissions giving rise to this dispute took place within Duval County, Florida, which falls within the jurisdiction of this Honorable Court.

12.     Defendant, KRYSTAL KLEAN, is headquartered and regularly transacts business in Duval County, Florida, and Defendant FLEETWASH, regularly conducts business in Duval County, Florida. Therefore, jurisdiction is proper within the Middle District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

13.     Venue is also proper within the Middle District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

14.     Defendant, KRYSTAL KLEAN, is a residential, commercial and industrial pressure washing, painting, window cleaning and roof washing company that serves "all parts of Florida and Southeast Georgia since 2001." *See https://www.krystalklean.com/aboutus/* (last visited November 24, 2021).

15.     Defendant, FLEETWASH, began operating its truck fleet company since 1973. https://www.fleetwash.com/about (last visited November 24, 2021). FLEETWASH has grown and acquired various businesses over the years and continues to "manage, maintain, and service" its work around the nation. *Id.*

16.     Plaintiff worked for Defendants as a non-exempt, hourly laborer from or around February 24, 2020 until in or around November 2021.

## FLSA COVERAGE

17.     Defendant, KRYSTAL KLEAN, is covered under the FLSA through enterprise coverage, as KRYSTAL KLEAN was engaged in interstate commerce during all pertinent times in which Plaintiff was employed.  More specifically, KRYSTAL KLEAN engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. KRYSTAL KLEAN's business and Plaintiff's work for KRYSTAL KLEAN affected

interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

18.     During his employment with Defendant, KRYSTAL KLEAN, Plaintiff, and various other similarly situated employees handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: hand tools, telephones, pens, notepads, computers, cellular telephones, vans, order forms, paint, pressure washers, brushes, rollers, polyurethane, cementing coating, EPDM rubber, rubberized asphalt, thermoplastic, bituminous membrane, PVC waterproofing membrane, pressure washer wheel carts, pumps, hoses, surface cleaners, painter's tape, painting trays, scrappers, drop cloths, buckets, paint sprayers, face masks, tarps, extension pole, multi-purpose spray adhesives, indoor sealant, outdoor sealant, caulks, etc.

19.     KRYSTAL KLEAN also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making KRYSTAL KLEAN's business an enterprise covered by the FLSA.

20.     Upon information and belief, KRYSTAL KLEAN grossed or did business in excess of $500,000.00 during the years of 2018, 2019, 2020, and is expected to gross in excess of $500,000.00 in 2021.

21.     Defendant, FLEETWASH, is covered under the FLSA through enterprise coverage, as FLEETWASH was engaged in interstate commerce during all pertinent times in which Plaintiff was employed.  More specifically, FLEETWASH engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies.  FLEETWASH's

business and Plaintiff's work for FLEETWASH affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

22.     During his employment with Defendant, FLEETWASH, Plaintiff, and various other similarly situated employees handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: hand tools, telephones, pens, notepads, computers, cellular telephones, vans, order forms, paint, pressure washers, brushes, rollers, polyurethane, cementing coating, EPDM rubber, rubberized asphalt, thermoplastic, bituminous membrane, PVC waterproofing membrane, pressure washer wheel carts, pumps, hoses, surface cleaners, painter's tape, painting trays, scrappers, drop cloths, buckets, paint sprayers, face masks, tarps, extension pole, multi-purpose spray adhesives, indoor sealant, outdoor sealant, caulks, etc.

23.     Defendant, FLEETWASH, also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making FLEETWASH's business an enterprise covered by the FLSA.

24.     Upon information and belief, Defendant, FLEETWASH, grossed or did business in excess of $500,000.00 during the years of 2018, 2019, 2020, and is expected to gross in excess of $500,000.00 in 2021.

25.     During his employment with Defendants, Plaintiff (i) performed non-exempt work; (ii) did not have supervisory authority over any individuals; (iii) did not make any decisions of importance on behalf of Defendants, and (iv) was not required to possess any advanced training, skill, or prolonged education in order to perform any of his primary duties and responsibilities.

26.     During all material times hereto, Plaintiff was a non-exempt employee of Defendants, within the meaning of the FLSA.

### JOINT ENTERPRISE COVERAGE

27.     During all times material hereto, Defendants KRYSTAL KLEAN and FLEETWASH performed substantially related business activities, as both corporate entities focused their operation on residential and commercial cleaning services.

28.     Defendants, KRYSTAL KLEAN and FLEETWASH used central management and/or common control to effectuate the business needs of both entities.

29.     Moreover, during all times material hereto, Defendants, KRYSTAL KLEAN and FLEETWASH, were engaged in offering substantially the same or similar goods and services to their customers.

30.     Defendants, KRYSTAL KLEAN and FLEETWASH also shared a common business purpose during all times material hereto.

31.     During all times material hereto, Defendant, KRYSTAL KLEAN used FLEETWASH's assistance in its operations and vice-versa.

32.     During times material hereto, supervisors for FLEETWASH managed and supervised KRYSTAL KLEAN employees, including Plaintiff, and vice-versa.

33.     The gross revenue of Defendants, KRYSTAL KLEAN and FLEETWASH, was collectively in excess of $500,000.00 in 2018, 2019, 2020 and are expected to collectively gross in excess of $500,000.00 in 2021.

34.     Defendants, KRYSTAL KLEAN and FLEETWASH intermingle resources, finances, employees, contractors, and supplies to provide goods, services and resources to their customers and clients.

35.     During all time periods hereto, Defendant, FLEETWASH maintained control over the day-to-day operations of Defendant, KRYSTAL KLEAN, including the payroll, human resources, hiring, firing, and scheduling of employees (including Plaintiff).

36.     Moreover, KRYSTAL KLEAN purports to be "a Fleetwash Company" on its website.  https://www.krystalklean.com/ (last visited November 24, 2021).

## PLAINTIFF'S WORK FOR DEFENDANTS

37.     Plaintiff began working for Defendants as an hourly laborer on or around February 24, 2020.

38.     During Plaintiff's employment period, Plaintiff regularly worked more than forty (40) hours per week.

39.     However, Defendants automatically deducted thirty (30) minutes per day from Plaintiff for a "meal period."

40.     Defendants did not require Plaintiff to clock-out for his meal period and did not otherwise record when (if ever) Plaintiff was relieved of his duties for the purposes of having a meal.

41.     Plaintiff regularly was required to work through his meal period and was not completely relieved of his duties for a meal, notwithstanding Defendants' automatic 30-minute deduction from Plaintiff each day for a meal period. This resulted in Plaintiff working in excess of 40-hours in certain workweeks and not being fully compensated the appropriate overtime premium for all of the hours worked.

42.     Furthermore, Defendants paid Plaintiff non-discretionary bonuses and commissions in addition to his hourly wages during Plaintiff's employment period.

43.     However, Defendants failed to include Plaintiff's non-discretionary bonuses and commissions to properly calculate Plaintiff's overtime wage rate in weeks when he earned bonuses/commissions and worked in excess of forty (40) hours.

44.     Therefore, Defendants violated the FLSA by frequently paying Plaintiff an improperly calculated overtime premium and by deducting 30-minutes per day from Plaintiff for a meal period which he was not able to take.

45.     As a result of Defendants' intentional and willful failure to comply with the FLSA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

### COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207

46.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 45 as though set forth fully herein.

47.     Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

48.     Defendants refused to pay Plaintiff one-and-one-half times his regular hourly rate for some hours of work over forty (40) in one or more weeks of his employment.

49.     Defendants automatically deducted 30-minutes per day from Plaintiff for a meal period which he was not able to take, including during workweeks when Plaintiff worked over forty (40) hours.

50.     In addition, Defendants failed to include Plaintiff's non-discretionary bonuses and commissions to properly calculate Plaintiff's proper overtime wage rate in weeks when he earned commissions and worked in excess of forty (40) hours.

51.     Plaintiff therefore claims the applicable federal overtime wage rate for all weekly hours worked over forty (40) during his employment period.

52.     Defendants willfully and intentionally refused to pay Plaintiff the applicable federal overtime wages as required by the FLSA, as Defendants knew or should have known of the FLSA's overtime wage requirements.

53.     Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

54.     Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

55.     As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, JOHN LALIBERTE, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, KRYSTAL COMPANIES, LLC, d/b/a KRYSTAL KLEAN, and FLEETWASH, INC., and award Plaintiff: (a) unliquidated damages, payable by Defendants jointly and severally; (b) liquidated damages, payable by Defendants jointly and severally; (c) reasonable attorney's fees and costs, payable by Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, JOHN LALIBERTE, requests and demands a trial by jury on all appropriate claims.

**Dated this 24th day of November 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
Jordan@jordanrichardspllc.com
Jake@jordanrichardspllc.com

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on November 24, 2021.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

<u>**SERVICE LIST:**</u>