UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN LALIBERTE, and all others similarly
situated under 29 U.S.C. 216(b),

     Plaintiff,

v.                     CASE NO.: 3:21-cv-01179-HES-LLL

KRYSTAL COMPANIES, LLC, d/b/a
KRYSTAL CLEAN; and
FLEETWASH, INC. OF NEW JERSEY
d/b/a FLEETWASH, INC.

     Defendants.

_____

## DEFENDANT KRYSTAL COMPANIES, LLC, d/b/a KRYSTAL KLEAN'S MOTION TO DISMISS AMENDED COLLECTIVE ACTION COMPLAINT FOR DAMAGES

Defendant, Krystal Companies, LLC, d/b/a Krystal Klean ("Krystal Companies" or "Defendant"),[1] moves to dismiss the Amended Collective Action Complaint for Damages and Demand for Jury Trial ("Amended Complaint") filed by Plaintiff, John Laliberte, and all others similarly situated under 29

---

[1] As previously noted by Defendants in prior submissions (Dkts. 12, 13, 14, 15, and 17), Plaintiff incorrectly identified Krystal Companies, LLC in the case caption.  Fleetwash Inc. of New Jersey ("Fleetwash") does business as "Krystal Klean," not Krystal Companies – an error which Plaintiff continues to perpetuate despite the opportunity to correct it in the filing of his Amended Complaint.

U.S.C. 216(b) ("Plaintiff"), pursuant to Rules 12(b)(6) and 12(b)(7), Federal Rules of Civil Procedure.[2]  In support, Krystal Companies states:

## INTRODUCTION

Krystal Companies used to own and operate a business that offered services such as window cleaning, caulking and waterproofing, pressure washing, soft roof washing, painting, and other related services to residential, commercial, and industrial building customers.  (See, e.g., Dkt. 18, at ¶18).  As acknowledged and alleged by Plaintiff, Fleetwash "acquired" Krystal Companies on or about June 1, 2019. (Dkt. 18, ¶22).  As part of this acquisition, Fleetwash purchased the right to use the trade name "Krystal Klean," and Krystal Companies ceased providing the services described above.  Those services continue as a going concern through Fleetwash d/b/a Krystal Klean.  Further, as part of the acquisition described by Plaintiff, all then-existing employees of Krystal Companies who performed the services described above were terminated by Krystal Companies and rehired by Fleetwash at Fleetwash's discretion.  Krystal Companies no longer has any employees and has not for almost two and a half years.

Plaintiff, Opt-In Plaintiff Hoffman, and Opt-In Plaintiff LeBlanc were hired well after Fleetwash's 2019 acquisition of the business that operates

---

[2] Krystal Companies joins in the Motion to Dismiss Amended Collective Action Complaint for Damages and to Compel Arbitration filed by Defendant Fleetwash in all respects.

under the trade name "Krystal Klean."   Plaintiff was hired on or about February 24, 2020; Opt-In Plaintiff Hoffman was hired on or about March 6, 2020; and Opt-In Plaintiff LeBlanc was hired on or about September 22, 2021. (Dkt. 18, at ¶24; Dkt. 22-2, at ¶2; Dkt. 22-3, at ¶2).  In fact, Plaintiff and Opt-In Plaintiffs each signed paperwork upon being hired that clearly establishes that *Fleetwash* is the employer—not Krystal Companies.  It appears the only reason Krystal Companies is a party to this case is because Plaintiff and Opt-In Plaintiffs confuse and conflate the trade name "Krystal Klean" with the distinct entity, "Krystal Companies"—confusion that could have easily been resolved prior to initiation of this lawsuit with minimal review of the paperwork signed by each employee upon being hired by Fleetwash.

Because Plaintiff and Opt-In Plaintiffs have failed to present sufficient factual allegations supporting their assertion that Krystal Companies was their employer—and because the employment paperwork signed by each employee expressly contradicts the allegations of the Amended Complaint—Plaintiff and Opt-In Plaintiffs' claims are due to be dismissed as to Defendant Krystal Companies.  Further, Plaintiff failed to join an indispensable party to this litigation, South East Personnel Leasing, Inc. ("South East"), even though Plaintiff's Amended Complaint includes allegations of wrongdoing as it pertains to South East.  Accordingly, Plaintiff's Amended Complaint is due to

be dismissed in accordance with Rules 12(b)(6) and 12(b)(7), Federal Rules of Civil Procedure.

## PROCEDURAL HISTORY

1.     On November 24, 2021, Plaintiff filed a single cause of action against Defendants, Krystal Companies and Fleetwash (collectively, "Defendants"), under the Fair Labor Standards Act ("FLSA"), asserting that Defendants failed to pay Plaintiff all unpaid federal overtime wages. Specifically, Plaintiff asserts that Defendants deducted a 30-minute meal period from Plaintiff's compensable time, that sometimes Plaintiff was not completely relieved of his duties during this meal period, and that because of the deduction, he sometimes worked over forty (40) hours in a given week. (Dkt. 18).

2.     On February 9, 2022, Defendants filed their respective Answers and Defenses to Plaintiff's Complaint. (Dkts. 12, 14).

3.     On February 15, 2022, Plaintiff filed an Amended Complaint, consisting of two (2) counts: (1) collective action for federal overtime wages (Count I); and (2) federal overtime wage violations as to Plaintiff only. (Dkt. 18). Opt-In Plaintiffs filed notices of consent to join contemporaneously with the submission of the Amended Complaint, and as such, their respective FLSA claims are deemed commenced. (Dkts. 20, 21); 29 U.S.C. §256.

## ARGUMENT

I.  **The Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted per Rule 12(b)(6).[3]**

### A. Legal Standard

A motion filed pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, tests the legal sufficiency of the Complaint, which must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).  All well-pled factual allegations are taken as true and construed in the light most favorable to the Plaintiff, but legal conclusions lacking factual support are not entitled to the same assumption of truth. Brown v. Suncoast Skin Sols., Inc., No. 617CV515ORL28TBS, 2017 WL 2361649, at *1 (M.D. Fla. Apr. 26, 2017), report and recommendation adopted, No. 617CV515ORL28TBS, 2017 WL 2364323 (M.D. Fla. May 30, 2017).

On a motion to dismiss, the Court's analysis is limited to the factual allegations of the Complaint, attached exhibits, and documents referred to

---

[3] Krystal Companies asserted this defense as an affirmative defense in its Answer and Defenses to the original Complaint.  (Dkt. 14, at p. 8 (twelfth defense)).

within the Complaint that are central to Plaintiff's claims.  Mathews v. Adjusterman, LLC, No. 17-CV-62031, 2018 WL 259518, at *1 (S.D. Fla. Jan. 2, 2018).  The Court may still consider a document not pled within the four corners of the complaint "if it is central to the plaintiff's claims and is undisputed in terms of authenticity." Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n. 3 (11th Cir. 2005); Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002); Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005).  "Holding otherwise would enable Plaintiff to 'evade dismissal . . . simply by failing to attach to his complaint a document that proved his claim has no merit.' " Perera v. H & R Block E. Enterprises, Inc., 914 F. Supp. 2d 1284, 1289 (S.D. Fla. 2012) (quoting Tierney v. Vahle, 304 F.3d 734, 738 (7th Cir.2002)).

> **B. Plaintiff and Opt-In Plaintiffs fail to state a claim upon which relief can be granted as to Krystal Companies because Krystal Companies has never been their employer.**

Central to this lawsuit is the issue of who employed Plaintiff and Opt-In Plaintiffs.  Plaintiff alleges that he was hired by Defendants on or about February 24, 2020. (Dkt. 18, at ¶24).  Opt-In Plaintiffs make similar assertions in their Declarations attached to Plaintiff's Motion for Conditional Certification and Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b). (Dkt. 22-2, at ¶2; Dkt. 22-3, at ¶3).  The assertion that Plaintiff and Opt-In Plaintiffs were Krystal Companies' employees is belied by Plaintiff's allegation that Fleetwash acquired Krystal Companies several months (and, in Opt-In

6

LeBlanc's case, over 2 years) before their respective hire dates.  (Dkt. 18, at ¶22).

More importantly, while Plaintiff and Opt-In Plaintiffs aver that they were collectively hired by Defendants, they fail to attach their respective employment agreements to the Amended Complaint or to their Declarations.

Plaintiff and Opt-In Plaintiffs, who are leased employees of South East, signed a South East Personnel Leasing, Inc. Employee Leasing Application ("Application") that acknowledged that Plaintiff and Opt-In Plaintiffs would be leased employees of South East leased to "Fleetwash Inc. dba Krystal Klean." The Applications, which contain arbitration agreements, for Plaintiff, Opt-In Plaintiff Hoffman, and Opt-In Plaintiff LeBlanc are attached hereto as **Exhibits 1**, **2**, and **3**, respectively.

Plaintiff and Opt-In Plaintiffs have not challenged the authenticity of the documents attached, which conclusively establish that Plaintiff and Opt-In Plaintiffs are *not* employees of Krystal Companies.  Accordingly, the claims asserted against Krystal Companies are due to be dismissed.

It should further be noted that the allegations of the Amended Complaint are entirely deficient with respect to Krystal Companies.  Excepting basic factual allegations regarding Krystal Companies' principal place of business (Dkt. 18, at ¶8), that Krystal Companies is a limited liability company (Dkt. 18, at ¶7), and that Krystal Companies was acquired by Fleetwash (Dkt. 18, at

¶22), Plaintiff fails to allege any specific factual allegations with respect to Krystal Companies.  Instead, Plaintiff improperly lumps Krystal Companies and Fleetwash together for virtually every allegation in the Amended Complaint.  It is impossible to tell, based upon the Amended Complaint as pled, what separate actions Krystal Companies might have possibly taken that would subject it to liability under the FLSA.  Thus, the Amended Complaint should be dismissed as to Krystal Companies pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted.

## II. The Amended Complaint should be dismissed for failure to join an indispensable party to this action pursuant to Rule 12(b)(7).[4]

### A. Legal Standard

Rule 19 sets out a two-part test to determine whether a party is indispensable. Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc., 669 F.2d 667, 669 (11th Cir. 1982).  First, per Rule 19(a), the Court determines whether a party must be joined if feasible.  If a party should be joined but joinder is not feasible because, for example, joinder would deprive the court of jurisdiction, then the Court proceeds to analysis of the factors set out in Rule 19(b) to determine whether the lawsuit may continue.  Id.  Whether a party

---

[4] Both Defendants raised this defense as an affirmative defense to the original Complaint. (Dkt. 12, at p. 8 (eleventh defense); Dkt. 14, at p. 8 (eleventh defense)).

should be joined under Rule 19(a) is governed by "pragmatic concerns, especially the effect on the parties and the litigation." Id. (quotation omitted). A party to a contract is indispensable when the terms of the contract are at issue. Brown v. Reed Elsevier, Inc., 08-81574-CIV, 2009 WL 3064751, at *3 (S.D. Fla. Sept. 22, 2009).

### B. South East is an indispensable party to this action.

As noted above, Plaintiff and all putative class action members are leased employees of South East. The South East Application, which is signed by each prospective employee of Fleetwash Inc., d/b/a Krystal Klean, includes an arbitration agreement and collective action waiver. (Exs. 1 – 3).

Plaintiff also alleged in his Amended Complaint: "During all times material hereto, Defendants, KRYSTAL KEAN, FLEETWASH, and **SOUTH EAST**, were vested with control and decision-making authority over the hiring, firing, day-to-day operations, and the unlawful pay practices as it pertained to Plaintiff and members of the collective." (Dkt. 18, at ¶13 (emphasis added)). It is highly improbable that Plaintiff could be referring to anyone other than South East Personnel Leasing, Inc., who was identified in Defendants' Answers and Affirmative Defenses and Certificate of Interested Persons and Corporate Disclosure Statements. (Dkts. 12 – 15). And yet, despite Plaintiff's (perhaps inadvertent) acknowledgement that there was another party who should have been listed as a party defendant to this case, South East is never

mentioned again.    Instead, Plaintiff proceeds throughout the Amended Complaint to aver wrongdoing on the part of "Krystal Klean" and "Fleetwash."[5]

A central issue in this lawsuit is whether Plaintiff and Opt-In Plaintiffs are subject to binding arbitration agreements with collective action waiver agreements.  South East is a signatory to those agreements, and Fleetwash is an express third-party beneficiary.    To the extent that Plaintiff argues Fleetwash somehow is *not* able to enforce the arbitration agreements, South East will be necessary and indispensable to this action.    Further, any argument presented regarding the unenforceability or unconscionability of the arbitration agreement will implicate South East's interests.  A failure to join South East would, as a practical matter, impair or impede South East's ability to protect its interests in the arbitration agreements it requires all South East leased employees to sign.  See F.R.C.P. 19(a)(1)(ii).

Joinder of South East is feasible.  First, Plaintiff already acknowledged South East's involvement per the allegations of his Amended Complaint.  It can hardly be said that Plaintiff would suffer an adverse impact by being directed to properly name and serve a party defendant against whom it has already alleged wrongdoing.

---

[5] In reality, for the reasons noted above, this amounts to nothing more than asserting allegations against Fleetwash only, because Krystal Klean is simply a trade name owned by Fleetwash.  The Amended Complaint could just as easily and nonsensically read: "Fleetwash and Fleetwash have done 'X.' "

Second, joining South East would not in and of itself deprive the Court of jurisdiction.   Concerns regarding the Court's subject matter jurisdiction have already been asserted by Defendants by virtue of the very arbitration agreements to which South East is a signatory.   Practically speaking, a determination by the Court that it retains subject matter jurisdiction over this lawsuit would merely reinforce the necessity of joining South East to this action, as it would mean the Court either has found the arbitration agreements unenforceable for some reason, or has found that Fleetwash, as an express third-party beneficiary, is not able to enforce the arbitration agreement on its own.   As a signatory to the arbitration agreements, South East has a strong interest in the enforceability of the arbitration agreements, both on behalf of itself and its subsidiaries.   Accordingly, the Amended Complaint should be dismissed for failure to join an indispensable party to this lawsuit in accordance with Rule 12(b)(7), Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, Defendant, Krystal Companies, LLC, d/b/a Krystal Klean, respectfully requests entry of an Order: (1) dismissing the Amended Collective Action Complaint for Damages and Demand for Jury Trial ("Amended Complaint") with respect to the claims asserted by Plaintiff, John Laliberte, and Opt-In Plaintiffs, Devin Hoffman and Christopher LeBlanc, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure; and (2) dismissing

the Amended Complaint per Rule 12(b)(7), Federal Rules of Civil Procedure,

for failure to join an indispensable party to this litigation.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned counsel has conferred

with counsel for Plaintiff, and Plaintiff opposes the relief sought herein.

DATED: March 1, 2022.

Respectfully submitted,

**ABEL BEAN LAW, P.A.**

/s/ Jacqueline A. Van Laningham
Daniel K. Bean, Esq.
Florida Bar No.: 0015539
Primary Email: *dbean@abelbeanlaw.com*
Karen Ibach Bowden, Esq.
Primary Email: *kbowden@abelbeanlaw.com*
Florida Bar No.: 712711
Jacqueline A. Van Laningham, Esq.
Florida Bar No.: 1003168
Primary Email: *jvanlaningham@abelbeanlaw.com*
100 N. Laura Street, Suite 501
Jacksonville, FL 32202
Telephone: (904) 944-4100

***Attorneys for Defendants,***
***Krystal Companies, LLC, d/b/a***
***Krystal Klean; and Fleetwash, Inc.***

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on March 1, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants:

Jordan Richards, Esq.
Jake Blumstein, Esq.
**USA EMPOLYMENT LAWYERS-**
**JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

***Counsel for Plaintiffs***

/s/ Jacqueline A. Van Laningham
Attorney