UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN LALIBERTE, and all others similarly
situated under 29 U.S.C. 216(b),

    Plaintiff,

v.                                            CASE NO.: 3:21-cv-01179-HES-LLL

KRYSTAL COMPANIES, LLC, d/b/a
KRYSTAL CLEAN; and
FLEETWASH, INC. OF NEW JERSEY
d/b/a FLEETWASH, INC.

    Defendants.

_____

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE PURSUANT TO 29 U.S.C. § 216(b)**

Defendant, Krystal Companies, LLC, d/b/a Krystal Klean ("Krystal Companies"),[1] and Fleetwash, Inc. of New Jersey d/b/a Fleetwash, Inc. ("Fleetwash") (collectively, "Defendants"), respectfully request entry of an Order denying Plaintiff's Motion for Conditional Certification and Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b) ("Motion") because Plaintiff

---

[1] As previously noted by Defendants in prior submissions (Dkts. 12, 13, 14, 15, and 17), Plaintiff incorrectly identified Krystal Companies, LLC in the case caption. Fleetwash Inc. of New Jersey ("Fleetwash") does business as "Krystal Klean," not Krystal Companies – an error which Plaintiff continues to perpetuate despite the opportunity to correct it in the filing of his Amended Complaint.

1

failed to satisfy a crucial prerequisite. Specifically, Plaintiff is precluded from obtaining conditional certification because Plaintiff and Opt-In Plaintiffs are required to arbitrate the claims asserted in this case pursuant to the valid and enforceable arbitration agreements signed by each of them.[2] In support, Defendants state:

## INTRODUCTION

Plaintiff, Opt-In Plaintiff Hoffman, and Opt-In Plaintiff LeBlanc each signed valid and enforceable arbitration agreements with Defendant Fleetwash. The arbitration agreements are valid, enforceable, and include collective action waivers. Further, because consent to the arbitration agreement is a condition of employment and required of all Fleetwash employees, even if the Court were to conclude that Plaintiff is permitted to proceed with litigation in this Court, it will not be possible for Plaintiff to successfully certify a collective action. Thus, Plaintiff's Motion should be denied.

---

[2] Because determining the enforceability of the arbitration agreement and collective action waivers executed by Plaintiff and Opt-In Plaintiffs is a threshold issue that obviates any further discussion regarding whether Plaintiff has satisfied the conditional certification standard, Defendants limit their argument to this preliminary question. Should the Court determine that the arbitration agreements are unenforceable, Defendants expressly reserve the right to challenge the deficiencies of Plaintiff's Motion in separate briefing.

## **LEGAL STANDARD**

Under the Fair Labor Standards Act ("FLSA"), an employee may bring an action "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). An individual must opt-in to the class by giving written and filed consent before the action filed by the Plaintiff will become a collective action. Walthour v. Chipio Windshield Repair, LLC, 745 F.3d 1326, 1332 (11th Cir. 2014).

Determination of whether to conditionally certify a collective action under the FLSA is left to the sound discretion of the district court. Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1208, 1219 (11th Cir. 2001). Conditional certification is governed by a two-tiered approach. The first stage is frequently referred to as the "notice stage," at which the Court determines whether notice of the lawsuit should be provided to potential class members. McGuire v. Intelident Sols., LLC, 385 F. Supp. 3d 1261, 1264 (M.D. Fla. 2019). "At the notice stage, a court must determine whether: (1) there are other employees who desire to opt in to the action; and (2) the employees who desire to opt in are 'similarly situated.' " Hart v. JPMorgan Chase Bank, N.A., No. 8:12-CV-00470-T-27, 2012 WL 6196035, at *3 (M.D. Fla. Dec. 12, 2012) (quoting Dybach v. State of Fla. Dep't of Corrs., 942 F.2d 1562, 1567-68 (11th Cir. 1991)). The Plaintiff must "provide a 'reasonable basis' that there are similarly situated

employees who desire to opt into the lawsuit," which is a lenient standard. McGuire, 385 F. Supp. 3d at 1264.

While the notice stage is generally considered lenient, Plaintiff's burden is not nonexistent. Plaintiff must offer "detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." Grayson v. K Mart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996) (internal quotation marks and citations omitted).

In addition, certain issues, such as whether the claims asserted must be submitted to arbitration, are preliminary threshold matters that must be resolved before the Court may proceed with the two-tiered conditional certification approach. As recognized by this Court, following Fifth Circuit precedent, failure to consider the arbitrability of a claim before conditional certification "would present a justiciability issue: a court could conditionally certify a collective action solely on the basis of a claim that the plaintiff was bound to arbitrate and was therefore barred from bringing it in court in the first place." Leitzke v. JPmorgan Chase Bank, N.A., No. 8:19-CV-2174-T-33AEP, 2020 WL 8669703, at *3 (M.D. Fla. Jan. 27, 2020) (quoting Reyna v. Int'l Bank of Commerce, 839 F.3d 373, 377 (5th Cir. 2016)); see also Figueredo-Chavez v. RCI Hosp. Holdings, Inc., No. 1:21-CV-21733-KMM, 2021 WL 5763577, at *4 (S.D. Fla. Dec. 3, 2021), reconsideration denied, No. 1:21-CV-21733-KMM, 2022 WL 457848 (S.D. Fla. Jan. 6, 2022) (class action waivers in

arbitration provisions presented threshold question to conditional class certification); Palacios v. Boehringer Ingelheim Pharm., Inc., No. 10-22398-CIV-UU, 2011 WL 6794438, at *4 (S.D. Fla. Apr. 19, 2011) (finding that Plaintiff's execution of a waiver precluding her from serving as a class representative in a collective action was basis alone for denying motion for conditional certification).

Further, even if the named plaintiff is not barred from pursuing his claims in court, it is error to send notice concerning a collective action to an employee governed by a valid arbitration agreement that would prevent the putative class member from participating in the collective action. In re JPMorgan Chase & Co., 916 F.3d 494, 501 (5th Cir. 2019); see also McGuire v. Intelident Sols., LLC, 385 F. Supp. 3d 1261, 1265 (M.D. Fla. 2019) (finding that employees who signed a binding arbitration agreement were not "potential plaintiffs").

## ARGUMENT

Fleetwash filed a Motion to Dismiss Amended Collective Action Complaint for Damages and Demand for Jury Trial and to Compel Arbitration ("Motion to Compel Arbitration") contemporaneously with the filing of this Response, which arguments are expressly incorporated herein by reference.

As set forth in further detail in the Motion to Compel Arbitration, Plaintiff, Opt-In Plaintiff Hoffman, and Opt-In Plaintiff LeBlanc each signed

5

arbitration agreements with collective action waivers.[3] True and correct copies of the arbitration agreements signed by Plaintiff Laliberte, Opt-In Plaintiff Hoffman, and Opt-In Plaintiff LeBlanc are attached as **Exhibits 1**, **2**, and **3**, respectively.  Plaintiff and Opt-In Plaintiffs agreed as follows:

> By accepting employment, you are agreeing to the terms of this Arbitration Agreement ("Agreement"). You agree and acknowledge that South East Personnel Leasing, Inc. and subsidiaries (collectively "SPLI"), your temporary staffing employer, if any, ("Temporary Staffing Employer"), and [FLEETWASH INC. dba KRYSTAL KLEAN] (your "Worksite Employer"), and you will utilize binding arbitration to resolve all disputes that may arise out the employment context. In consideration of your employment and other good and valuable consideration, including but not limited to the promises herein and the compensation and benefits paid to you, the receipt and sufficiency of which is acknowledged by the parties, the parties agree to the following terms of this Agreement.
>
> …
>
> 2. Any dispute or claim of any kind or nature between you and SPLI, any of the applicable SPLI Entities, your Temporary Staffing Employer, or your Worksite Employer arising out of, related to, or in connection with any aspect of your employment or its termination, including but not limited to claims for breach of contract, negligence, torts, unpaid wages or other wage payment or compensation-related claims, discrimination, harassment or retaliation in violation of Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, 42 U.S.C. § 1981, the Age Discrimination in Employment Act of 1967, the Americans with

---

[3] As noted in Krystal Companies' Motion to Dismiss Amended Collective Action Complaint for Damages, also filed contemporaneously with this Response, Plaintiff failed to join an indispensable party to this action: South East Personnel Leasing, Inc. ("South East"). "South East" is referenced in Plaintiff's Amended Complaint (Dkt. 18, at ¶13), but inexplicably, Plaintiff did not join this identified party to his action.  In any event, references to SPLI or South East throughout this Response refer to the indispensable party, South East.

Disabilities Act of 1990, the Family and Medical Leave Act of 1993, the Fair Labor Standards Act, the Fair Credit Reporting Act, or any other federal, state, or local law, will be settled by final and binding arbitration conducted by a single, neutral arbitrator. **In agreeing to arbitrate claims, you and SPLI, the SPLI entities, your temporary staffing employer, and your worksite employer agree to waive the right to have covered disputes decided by a judge or jury.** This Agreement applies to all disputes or claims that arose before and/or after this Agreement went into effect.

(Exs. 1 – 2, at "Preamble" and ¶2; Ex. 3, Section V, at "Preamble" and ¶2).[4]

The arbitration agreements further provide:

9. The arbitrator has no authority to consolidate claims by different persons into one proceeding, nor shall the arbitrator have the power to hear an arbitration as a group, class or collective action (a group, class or collective action includes an arbitration or lawsuit where representative members of a group who claim to share a common interest seek group, class or collective relief).
…

**11. Class or collective action waiver – by entering into this agreement you and SPLI, the SPLI entities, your temporary staffing employer, and your worksite employer waive the right to commence or be party to any group, class or collective action claim (other than representative actions, separately addressed in paragraph 12 below) in arbitration or any other forum arising out of, related to, or in connection with any aspect of your employment and separation. The parties agree that any claim by or against you or SPLI, the SPLI entities, your temporary staffing employer, or your worksite employer will be heard on an individual basis without consolidation of such claim with**

---

[4] The language of each arbitration agreement is substantially identical. There are minor variations among the agreements with respect to which text was bolded and whether bolded text was also identified in all caps. If bolded or all caps text is reproduced in the text above, it appears in all arbitration agreements at issue in this Motion. Otherwise, a variation between bold or capped text is not indicated.

7

> **any other person's or entity's claim. This provision is not applicable to the extent such waiver is prohibited by the law of the state in which you work. If this provision does not apply, the group, class or collective action claim must be litigated in a civil court of competent jurisdiction.**

(Ex. 1 – 2, at ¶¶ 9, 11; Ex. 3 at, Section V, ¶¶ 9, 11).

As repeatedly recognized by the Eleventh Circuit and the United States Supreme Court, arbitration agreements in the employment context are enforceable, and further, the FLSA does not prohibit the enforcement of collective action waivers. See, e.g., Walthour, 745 F.3d at 1334 – 36; Epic Sys. Corp. v. Lewis, 138 S. Ct. 1612, 1626 (2018) (noting that "every circuit to consider the question has held that the FLSA allows agreements for individualized arbitration" (citation and internal quotation marks omitted)).

Neither Plaintiff nor the Opt-In Plaintiffs have presented any argument or justification as to why the arbitration agreements that they signed are unenforceable. Those arbitration agreements require arbitration of the claims asserted in this case, and furthermore, preclude collective action. Thus, Plaintiff cannot maintain this action either on behalf of himself or on behalf of a class.

Even if the Court were to somehow find that Plaintiff may proceed with this litigation because Fleetwash waived the right to compel arbitration, the right to compel arbitration has not been waived with respect to Opt-In Plaintiffs. Thus, Plaintiff has failed to demonstrate that even one (1) other

employee *who is actually capable of joining the lawsuit* desires to join this action, and his request for conditional certification must be denied.

Further, Defendants note that it is highly unlikely that Plaintiff will be able to locate and identify a putative class action member who would be able to join this lawsuit. The arbitration agreements signed by Plaintiff and Opt-In Plaintiffs specify that "[n]ew employees must sign this Agreement as a condition of employment." (Exs. 1 – 2, at ¶15; Ex. 3, Section V, at ¶15). Plaintiff does not allege, and cannot allege, that there exists a single employee who is not subject to the same arbitration and class action waivers that will undoubtedly preclude Opt-In Plaintiffs from joining this action.

The touchstone for conditional certification is judicial efficiency. See Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989). A plaintiff seeking conditional certification must therefore establish both that there are "a sufficiently large number of purported class action members who wish to join the lawsuit[,]" and that the putative collective action members are similarly situated. Benitez v. Balans L.C., No. 10-22811, 2010 WL 11602404, at *3 (S.D. Fla. Dec. 6, 2010); see also Chalker v. Burlington Coat Factory of Fla., LLC, No. 12-2755, 2013 WL 5954783, at *1 (M.D. Fla. Nov. 7, 2013) (same).

Permitting Plaintiff at this stage to proceed with a collective action on behalf of himself, without a single additional employee who is both capable of

9

joining this action *and* has indicated a desire to join this lawsuit, would not promote judicial efficiency and utterly fails to satisfy the notice stage of the conditional certification approach. Thus, Plaintiff's Motion should be denied.

## CONCLUSION

For the foregoing reasons, Defendants, Krystal Companies, LLC, d/b/a Krystal Klean, and Fleetwash, Inc. of New Jersey d/b/a Fleetwash, Inc., respectfully request entry of an Order denying Plaintiff's Motion for Conditional Certification and Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b), and for such other and further relief as the Court deems just and proper.

DATED: March 1, 2022.

Respectfully submitted,

**ABEL BEAN LAW, P.A.**

/s/ Jacqueline A. Van Laningham
Daniel K. Bean, Esq.
Florida Bar No.: 0015539
Primary Email: *dbean@abelbeanlaw.com*
Karen Ibach Bowden, Esq.
Primary Email: *kbowden@abelbeanlaw.com*
Florida Bar No.: 712711
Jacqueline A. Van Laningham, Esq.
Florida Bar No.: 1003168
Primary Email: *jvanlaningham@abelbeanlaw.com*
100 N. Laura Street, Suite 501
Jacksonville, FL 32202
Telephone: (904) 944-4100

***Attorneys for Defendants,***

*Krystal Companies, LLC, d/b/a*
*Krystal Klean; and Fleetwash, Inc.*

**CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY that on March 1, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants:

Jordan Richards, Esq.
Jake Blumstein, Esq.
**USA EMPOLYMENT LAWYERS-**
**JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

***Counsel for Plaintiffs***

         /s/ Jacqueline A. Van Laningham
         Attorney