UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO: 3:21-cv-01179-HES-LLL

John Laliberte, et. al.,

    Plaintiffs,

vs.

Krystal Companies, LLC d/b/a
Krystal Klean, et. al.,

    Defendants.

_____/

**PLAINTIFF'S RESPONSE TO D.E. 34**

Plaintiff, JOHN LALIBERTE ("Plaintiff"), files his Response to D.E. 34:

**I.    INTRODUCTION**

Plaintiff's position on D.E. 34[1] is more nuanced than blanket "opposition." Defendant, FLEETWASH INC. OF NEW JERSEY ("Defendant"), refused to limit its Reply to 5-pages and further refused to confirm it would not be submitting any new argument, evidence or exhibits with its Reply brief. *See* E-mail dated March 18, 2022, attached as **Exhibit A**. In other words, Defendant refused to limit its proposed Reply to only issues permissible under prevailing case law. Defendant also rejected Plaintiff's offer to continue conferring and swiftly filed D.E. 34 to put this issue before the Court. For the reasons set forth below, Plaintiff objects to the scope of relief sought by Defendant. If the Court is inclined to grant D.E. 34, Plaintiff requests that the Court

---

[1] Just yesterday the Court issued an Order to Show Cause as to why a Case Management Report ("CMR") has not been filed in this case. *See* D.E. 32. Plaintiff immediately provided Defendant with a proposed CMR and filed a Response to Order to Show Cause. *See* D.E. 33. Instead of providing feedback on the CMR prepared by Plaintiff the Defendants drafted and filed 2-separate motions. *See* D.E. 34; D.E. 35.

limit the length of any Reply to 5-pages and further limit the scope of any Reply to only addressing the legal issues raised by Plaintiff in D.E. 30.

## II. MEMORANDUM OF LAW

In the Middle District of Florida reply briefs are not a means for a movant to introduce new argument, facts, or evidence for the first time, but rather, to rebut any law contained in a response brief. *See, e.g.,* Tardif v. People for Ethical Treatment of Animals, 2011 WL 2729145 (M.D. Fla. 2011) (denying motion for leave to file reply brief where the party's motion failed to rise to the level required by the local rules); Gatti v. Goodman, 2017 WL 11615778 at *1 (M.D. Fla. 2017) *citing* Tardif, 2011 WL 2729145 at *2. Courts do not consider arguments raised for the first time in a reply brief and typically will not grant leave to file a reply unless the reply will benefit the Court's resolution of a pending motion. *See, e.g.,* Tafel v. Lion Antique Investments & Consulting Servs., 459 Fed. Appx. 847 (11th Cir. 2012); *see, also,* Gatti, 2017 WL 11615778 at *1 *citing* Schumann v. Collier Anesthesia, P.A., 2014 WL 1230644 at *4 n.3 (M.D. Fla. 2014). Even then, Courts typically limit the length of Reply briefs to 5-pages. *See, e.g.,* Promenades Mall (E&A), LLC v. Allstate Ins. Co., 2008 WL 11334927 (M.D. Fla. 2008) (Limiting length of a party's reply brief from 10-pages to 5-pages).

In Tardif, 2011 WL 2729145, the court denied leave to file a reply brief and explained its reasoning as follows:

> The plaintiff does not allege that there is a new matter of law or fact argued in the Defendant's Response, but merely a dispute as to what those facts mean in this case. In essence he wants to argue his position on the facts presented by the Defendant. As such, the Plaintiff's Motion fails to rise to the

>    level required by the Local Rules to file a reply brief and the
>    Motion is due to be denied.

*Id.*

In an effort to understand the scope of its forthcoming Reply brief, Plaintiff asked Defendant to identify specific issues it intends to address. *See* **Exhibit A**. Defendant refused. Defendant also refused to answer the simple question of whether it intends to attach new exhibits and/or evidence to their intended Reply. *Id*. The undersigned advised Defendant there was no objection to its request if Defendant would: (1) limit its Reply brief to 5-pages; and (2) agree to not submit new argument, evidence or exhibits to the Court with the Reply. *Id.* Defendant refused to agree to either of these reasonable requests and proceeded to file D.E. 34.[2] Given Defendant's refusal to reach reasonable agreement on these issues, Plaintiff anticipates that any Reply submitted by Defendant will exceed the permissible scope and will unfortunately trigger the need for a Sur-Reply unless the scope of the Reply is limited by the Court.

### III. CONCLUSION

WHEREFORE, Plaintiff, JOHN LALIBERTE, requests that this Honorable Court limit any forthcoming Reply brief to 5-pages and instruct Defendant to not introduce any new argument, evidence or exhibits, and enter any and all such further relief as may be deemed just and appropriate under the circumstances.

---

[2] D.E. 34 also includes actual argument Defendant intends to make in the reply. This is expressly prohibited by the local rules. *See* M.D. Fla. L.R. 3.01(d); Promenades Mall (E&A), 2008 WL 11334927.

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS - JORDAN RICHARDS, PLLC**
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
(954) 871-0050
*Counsel for Plaintiffs*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
jordan@jordanrichardspllc.com
jake@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing motion was filed through CM/ECF this 18th of March 2022 and served on the counsel listed below.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST

**JACQUELINE A. VAN LANINGHAM, ESQUIRE**
Florida Bar No. 1003168
jvanlaningham@abelbeanlaw.com
**DANIEL K. BEAN, ESQUIRE**
Florida Bar No. 0015539
dbean@abelbeanlaw.com
kbowden@abelbeanlaw.com
**ABEL BEAN LAW, P.A.**
100 N. Laura St. Suite 501
Jacksonville, FL 32202
Ph: (904) 944-4100
*Counsel for Defendants*