UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO: 3:21-cv-01179-HES-LLL

John Laliberte, et. al.,

    Plaintiffs,

vs.

Krystal Companies, LLC d/b/a
Krystal Klean, et. al.,

    Defendants.

_____/

**PLAINTIFF'S RESPONSE TO D.E. 35**

Plaintiff, JOHN LALIBERTE ("Plaintiff"), files his Response to D.E. 35:

**I.    INTRODUCTION**

Defendant, KRYSTAL COMPANIES, LLC ("Defendant"), seeks leave of Court to file a Reply brief that will only re-argue issues already addressed in its initial motion to dismiss.[1] *See* D.E. 24; D.E. 35. The desire to re-argue prior positions taken in a motion to dismiss does not justify the filing of Reply brief in the Middle District. For the reasons set forth below, Defendant's Motion for Leave to File Reply in Support of Motion to Dismiss Collective Action Complaint for Damages and Demand for Jury Trial should be denied. If the Court does provide Defendant leave to file a Reply brief, Plaintiff respectfully requests that any such Reply memorandum be limited to 5-pages.

---

[1] Plaintiff previously filed a Motion for Leave to File 5-Page Reply Brief in Support of Motion for Conditional Certification. *See* D.E. 27. That motion was unopposed and granted by the Court. *See* D.E. 28. The difference between D.E. 27 and the instant motion is that Plaintiff specifically sought to address 3 very narrow legal issues **that were raised by Defendants for the very first time** in D.E. 26. *See* D.E. 27. Here, Defendant only wishes to re-argue prior positions taken in its initial motion to dismiss.

## II. MEMORANDUM OF LAW

Reply briefs are not a means for a party to re-argue positions it has already taken in a prior motion. *See, e.g.,* Altheim v. GEICO Gen. Ins. Co., 2011 WL 161050 at n. 1 (M.D. Fla. 2011). Reply briefs are likewise not a means for a movant to introduce new argument, facts, or evidence for the first time, but rather, to rebut any new law contained in a response brief. *See, e.g.,* Tardif v. People for Ethical Treatment of Animals, 2011 WL 2729145 (M.D. Fla. 2011); Gatti v. Goodman, 2017 WL 11615778 at *1 (M.D. Fla. 2017) *citing* Tardif, 2011 WL 2729145 at *2. Courts will not grant leave to file a reply unless the reply will benefit the Court's resolution of a pending motion. *See, e.g.,* Tafel v. Lion Antique Investments & Consulting Servs., 459 Fed. Appx. 847 (11th Cir. 2012); *see, also,* Gatti, 2017 WL 11615778 at *1 *citing* Schumann v. Collier Anesthesia, P.A., 2014 WL 1230644 at *4 n.3 (M.D. Fla. 2014). Courts typically limit the length of Reply briefs to 5-pages. Promenades Mall (E&A), LLC v. Allstate Ins. Co., 2008 WL 11334927 (M.D. Fla. 2008) (Limiting length of a party's reply brief from 10-pages to 5-pages).

During pre-filing conferrals, Defendant would not reveal which specific issues in D.E. 29 it wished to address in a Reply brief. *See* **Exhibit A**. It is now clear that Defendant only wishes to re-argue its prior positions on issues concerning joint employer liability, employment agreements, and SPLI's role as a purported indispensable party in this case – all of which were previously raised in Defendant's motion to dismiss and **none** of which were raised by Plaintiff for the first time in the Response in Opposition to Defendant's Motion to Dismiss. *See* D.E. 29. Defendant

2

has failed to justify the filing of a Reply brief under these circumstances and its motion should therefore be denied. *See* Tardif v. People for Ethical Treatment of Animals, 2011 WL 2729145 (M.D. Fla. 2011) (motion for leave to file reply denied when movant failed to rise to level required by the local rules).

### III.    CONCLUSION

WHEREFORE, Plaintiff, JOHN LALIBERTE, requests that this Honorable Court deny Defendant's Motion for Leave to File 7-Page Reply Brief, or, in the alternative, limit any forthcoming Reply brief to 5-pages, and enter any and all such further relief as may be deemed just and appropriate under the circumstances.

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS - JORDAN RICHARDS, PLLC**
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
(954) 871-0050
*Counsel for Plaintiffs*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
jordan@jordanrichardspllc.com
jake@jordanrichardspllc.com

**CERTIFICATE OF SERVICE**

3

**I HEREBY CERTIFY** that the foregoing motion was filed through CM/ECF this 18th of March 2022 and served on the counsel listed below.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST

**JACQUELINE A. VAN LANINGHAM, ESQUIRE**
Florida Bar No. 1003168
jvanlaningham@abelbeanlaw.com
**DANIEL K. BEAN, ESQUIRE**
Florida Bar No. 0015539
dbean@abelbeanlaw.com
kbowden@abelbeanlaw.com
**ABEL BEAN LAW, P.A.**
100 N. Laura St. Suite 501
Jacksonville, FL 32202
Ph: (904) 944-4100
*Counsel for Defendants*