UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO: 3:21-cv-01179-HES-LLL

John Laliberte, and all others similarly
situated under 29 U.S.C. 216(b),

    Plaintiff,

    v.

Krystal Companies, LLC, d/b/a
Krystal Klean, and Fleetwash, Inc. of
New Jersey d/b/a Fleetwash, Inc.,

    Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF
SETTLEMENTS AND DISMISSAL WITH PREJUDICE**

Named Plaintiff, JOHN LALIBERTE ("Plaintiff"), and Opt-In Plaintiffs, DEVIN HOFFMAN and CHRISTOPHER LEBLANC ("Opt-In Plaintiffs") (collectively, "Plaintiffs"), and Defendants, KRYSTAL COMPANIES, LLC, d/b/a KRYSTAL KLEAN ("Krystal Companies"), and FLEETWASH, INC. OF NEW JERSEY d/b/a FLEETWASH, INC. ("Fleetwash") (Krystal Companies and Fleetwash are collectively referred to as "Defendants") (Plaintiffs and Defendants are together referred to as the "Parties"), move for entry of an Order: (1) approving the terms of the Settlement Agreements entered into by the Parties following arms-length settlement negotiations; (2) dismissing this case with

prejudice and directing the entry of final judgment; and (3) granting such further relief as the Court deems just and proper. In support of this motion, the Parties state as follows:

## I. FACTUAL BACKGROUND

On November 24, 2021, Plaintiff, John Laliberte ("Laliberte") filed a single-count complaint ("Complaint") against Defendants, alleging overtime wage violations under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). *D.E. 1.* In his Complaint, Laliberte alleged that Defendants deducted time for meal periods which he did not take, leading to overtime wage violations in weeks when he worked in excess of forty (40) hours. *Id.* On February 15, 2022, Laliberte amended his Complaint to allege a Collective Action under the FLSA. *D.E. 18.* That same day, Opt-In Plaintiffs Devin Hoffman ("Hoffman") and Christopher LeBlanc ("LeBlanc") filed Notices of Consent to Join the Collective Action and Plaintiffs filed a Motion for Conditional Certification pursuant to 29 U.S.C. § 216(b). *D.E. 19; D.E. 21; D.E. 22.* The basis of the Motion for Conditional Certification was substantially similar to the claims asserted in Plaintiff's Amended Complaint.

Defendant Krystal Companies moved to dismiss the Amended Collective Action Complaint pursuant to Fed. R Civ. P. 12(b)(6) and 12(b)(7) on March 1, 2022. *D.E. 24.* Defendant Fleetwash moved to dismiss the Amended Collective Action Complaint under Fed. R. Civ. P. 12(b)(1) and the Federal Arbitration Act.

*D.E. 25.* Defendants also responded to Plaintiffs' Motion for Conditional Certification on March 1, 2022. Plaintiffs responded to both Motions to Dismiss and filed their Reply in Support of Conditional Certification on March 15, 2022. *D.E. 29; D.E. 30*; *D.E. 31*. On April 4, 2022, Defendants filed a Motion to Stay Discovery and for Protective Order, to which Plaintiff responded on April 22, 2022. *D.E. 41; D.E. 46*.

On April 28, 2022, after extensive settlement negotiations, the Parties reached three (3) separate agreements to pay Plaintiffs 100% of their alleged unpaid wages and overtime compensation, plus an equal amount of liquidated damages. The Parties also separately negotiated and reached an agreement to pay Plaintiffs' attorneys' fees and costs.

This matter involves a bona fide dispute as to whether and to what extent Plaintiffs are entitled to damages. The Parties note that the terms of the Agreements were reached following negotiation by experienced counsel and will result in Plaintiffs receiving an amount they agree will compensate them for 100% of the unpaid wages, overtime compensation, and liquidated damages they allege they are owed. The settlement terms reflect the recognition of the risk and costs of litigation by Parties with counsel experienced in such matters. In order to avoid these risks and costs, the Parties agree that resolving this litigation in accordance

with the Agreement is fair and reasonable. The Parties therefore request this Court to approve the Settlement Agreements.

## II. MEMORANDUM OF LAW

In the Eleventh Circuit, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or approved by the district court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). In order to approve the settlement, a court must determine that the compromise is a fair and reasonable resolution of a bona fide dispute under the FLSA. *Id.* at 1354. If the settlement is fair and reasonable, the court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.*; *see also Watson v. Brinker Florida, Inc.*, 2021 WL 8201476, at *2 (M.D. Fla. Dec. 30, 2021) (Lambert, M.J.).

In deciding whether an FLSA resolution is fair and reasonable under *Lynn's Foods*, Florida district courts consider the following nonexclusive factors: (i) the existence of fraud or collusion behind the settlement; (ii) the complexity, expense, and expected duration of the litigation; (iii) the state of the proceedings and amount of discovery completed; (iv) the probability of plaintiff's success; (v) the range of possible recovery; and (vi) the opinions of counsel. *See, e.g.*, *Roman v. FSC Clearwater, LLC*, No: 6:16-cv-969, 2017 WL 1653571, at *1-2 (M.D. Fla. Apr. 21, 2017), *report and recommendation adopted by*, 2017 WL 1552304 (M.D. Fla. May 1, 2017). When an FLSA settlement "reflects a reasonable compromise of the FLSA

4

claims that are actually in dispute," the court may approve the settlement. *Id.* at *2. In reviewing FLSA settlements, courts recognize that "[t]here is a strong presumption in favor of settlement." *Id.; see also Watson*, 2021 WL 8201476, at *2 (Magistrate Judge Lambert explaining that "[a] court should presume that a settlement is fair and reasonable") *citing Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir 1977).

In addition to the foregoing factors, the Court "must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement 'to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Singh v. PetersenDean Roofing and Solar Sys., Inc.*, No. 6:17-cv-1110, 2018 WL 3235572, at *2 (M.D. Fla. June 6, 2018) (Irick, M.J.), *report and recommendation adopted as modified*, 2018 WL 3219410 (M.D. Fla. July 2, 2018) (quoting *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009)). The parties may demonstrate the reasonableness of the attorney fees by "representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim." *Id.* (citing *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009)). Indeed, "[i]f the parties negotiated attorney's fees separately from the damages to be awarded to the plaintiff, which protects from 'conflict … taint[ing] the settlement,' then the court

need not undertake a lodestar review of the attorney's fees for reasonableness. *Watson*, 2021 WL 8201476, at *2 (*quoting Bonetti*, 715 F. Supp. 2d at 1228).

## ARGUMENT

The terms of the Parties' Settlement Agreements, which are attached hereto as **Exhibit 1** (Laliberte), **Exhibit 2** (Hoffman), and **Exhibit 3** (LeBlanc), plainly comply with these requirements. Here, Plaintiffs negotiated, through counsel, settlement terms that result in them receiving full compensation for the wages they claim were due to them based upon the allegations in the Amended Collective Action Complaint, plus liquidated damages. Counsel for the parties calculated the maximum amount the Plaintiffs could have recovered under 29 U.S.C. § 216(b) if they prevailed in this action. At most, Plaintiffs could have recovered the following amounts in unliquidated damages:

- Laliberte: $2,083.75
- Hoffman: $2,475.36
- LeBlanc: $188.96

The terms of the respective Settlement Agreements between Defendants and Plaintiffs allow for complete recovery of the maximum amount of unliquidated

damages Plaintiffs could have recovered in this case, plus an equal amount of liquidated damages.[1]

Plaintiffs' counsel and Defendants' counsel are experienced in wage and hour matters, and recognize settlement will prevent expensive, protracted, and uncertain litigation in this particularly complex matter. The Parties also note that the negotiations were at arm's length, and there has been no fraud or collusion in the settlement of this case. Moreover, although the Settlement Agreements provide for a full mutual release, Defendants provided Plaintiffs with additional consideration by releasing Plaintiffs of their obligations under Non-Compete agreements. Finally, the Parties agree that the amount for attorneys' fees and costs that Defendants will pay to Plaintiffs is reasonable and was agreed upon without regard to the amounts paid to Plaintiff. Indeed, because Plaintiffs are each receiving 100% of their alleged overtime wages and liquidated damages, Plaintiffs' attorneys' fees could not have tainted the amount being paid to the Plaintiffs.[2] The Parties therefore respectfully submit that their settlement should be approved.

---

[1] At Plaintiffs' counsel's request, LeBlanc's unliquidated damages payment was increased to $750.00, plus an equal amount of liquidated damages, for a total payment to LeBlanc of $1,500.00. The Parties agree, however, that this payment exceeds the maximum amount LeBlanc to which LeBlanc could have been entitled to recover in this action.

[2] Plaintiff's counsel voluntarily reduced their fees by more than 10% in order to effectuate a swift and uncompromised resolution of this matter for Plaintiffs.

### III. CONCLUSION

In light of the contested issues presented in this case and the potentially protracted, complex and expensive litigation that lies ahead, the settlement terms represent a fair and equitable resolution of this matter. The Parties therefore respectfully request that the Court enter an order: (1) approving the terms of the Settlement Agreements; (2) dismissing this action with prejudice and directing the entry of final judgment; and (3) granting such further relief as the Court deems just and proper.

Date: May 17, 2022

| | |
|---|---|
| **USA EMPLOYMENT LAWYERS JORDAN RICHARDS, PLLC**<br>Counsel for Plaintiff<br>1800 SE. 10th Ave, Suite 205<br>Fort Lauderdale, Florida 33316<br>Tel: (954) 871-0050<br>*Counsel for Plaintiffs*<br><br>By:/s/ Jake Blumstein<br>**JORDAN RICHARDS, ESQ.**<br>Fla. Bar No. 108372<br>**JAKE BLUMSTEIN, ESQ.**<br>Fla. Bar No. 1017746<br>jordan@jordanrichardspllc.com<br>jake@jordanrichardspllc.com | **ABEL BEAN LAW, P.A.**<br>100 N. Laura St. Suite 501<br>Jacksonville, FL 32202<br>Ph: (904) 944-4100<br>*Counsel for Defendants*<br><br>By:/s/ Jacqueline A. Van Laningham<br>**DANIEL K. BEAN, ESQ.**<br>Fla Bar No. 0015539<br>dbean@abelbeanlaw.com<br>**KAREN IBACH BOWDEN, ESQ.**<br>Florida Bar No. 712711<br>kbowden@abelbeanlaw.com<br>**JACQUELINE A. VAN LANINGHAM, ESQ.**<br>Florida Bar No. 1003168<br>jvanlaningham@abelbeanlaw.com |

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of May, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification to the individuals listed below.

By: /s/ Jake Blumstein<br>
JAKE BLUMSTEIN, ESQUIRE<br>
Florida Bar No. 1017746

**JACQUELINE A. VAN LANINGHAM, ESQUIRE**
Florida Bar No. 1003168
jvanlaningham@abelbeanlaw.com
**DANIEL K. BEAN, ESQUIRE**
Florida Bar No. 0015539
dbean@abelbeanlaw.com
**KAREN IBACH BOWDEN, ESQUIRE**
Florida Bar No. 712711
kbowden@abelbeanlaw.com
**ABEL BEAN LAW, P.A.**
100 N. Laura St. Suite 501
Jacksonville, FL 32202
Ph: (904) 944-4100
*Counsel for Defendants*